# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**JAY P. KESAN,**

    **Plaintiff,**

v.

**L'ORÉAL USA, INC.: L'ORÉAL S.A.,**

    **Defendant.**

_____/

Case No. 3:24-cv-00364-TKW-HTC

## DEFENDANT L'ORÉAL USA, INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 6 and Local Rule 6.1, Defendant L'Oréal USA, Inc.[1] ("**L'Oréal USA**"), by and through undersigned counsel, respectfully requests an unopposed brief thirty (30)-day extension of time within which to answer or otherwise respond to Plaintiff Jay P. Kesan's ("**Plaintiff**") Complaint (Doc. 1) (the "**Complaint**"). As grounds for this Unopposed Motion, L'Oréal USA states as follows:

## ARGUMENT

1. Plaintiff filed the two-count Complaint in the Pensacola Division of the United States District Court for the Northern District of Florida on August 6, 2024.

---

[1] The case style of the Complaint mistakenly lists "L'Oréal USA, Inc.:L'Oréal S.A." as a single entity and defendant. There is no entity by the name of "L'Oréal USA, Inc.:L'Oréal S.A." Rather, L'Oréal USA, Inc. and L'Oréal S.A. are two separate and distinct entities. This motion is brought solely on behalf of Defendant L'Oréal USA, Inc.

*See* (Doc. 1). L'Oréal USA was served with the Complaint on August 14, 2024. *See* Return of Service (Doc. 5).[2]

2. Pursuant to Federal Rule of Civil Procedure 12, L'Oréal USA's response to the Complaint is due September 4, 2024.

3. Undersigned counsel requires a brief extension of time to respond to the Complaint, up to and including October 4, 2024, so it may investigate Plaintiff's claims and prepare its defenses thereto.

4. Federal Rule of Civil Procedure 6(b)(1)(a) provides, in pertinent part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…" *See* Fed. R. Civ. P. 6(b)(1)(A); *see also Osahar v. United States Postal Serv.*, No. 04-16036, 2005 WL 1400209 at *2 (11th Cir. June 13, 2005). Similarly, Local Rule 6.1 provides that stipulations to extend deadlines are effective with Court approval.

5. The Court "has broad discretion to permit an extension of time." *Gibson v. Vincent*, 3:06CV388 RVEMT, 2007 WL 1576344, at *2 (N.D. Fla. May 30, 2007)

---

[2] In contrast, L'Oréal S.A. is a foreign company located in France. Plaintiff has not effectuated proper service on L'Oréal S.A. To date, only L'Oréal USA has been served.

6. This Motion is made in good faith and not for the purposes of delay or harassment. No parties would be prejudiced by the requested relief. The requested extension will not prevent further discovery.

7. Undersigned counsel has conferred with Plaintiff's counsel, who has advised that they do not oppose the relief sought herein.

WHEREFORE, Defendant L'Oréal USA, Inc. respectfully requests that this Court enter an Order: (1) granting its Unopposed Motion for an Extension of Time to Respond to the Complaint; (2) and extending the deadline to respond to the Complaint such that any response would be due on or before October 4, 2024; and (3) for any and all other additional relief this Court may deem just and proper.

Dated: August 30, 2024                    Respectfully submitted,

                                                  */s/ April Boyer*
April Boyer
Florida Bar No. 0168335
april.boyer@klgates.com
**K&L GATES LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone: 305.539.3300
Facsimile: 305.358.7095

*Attorneys for Defendant L'Oréal USA, Inc.*

## RULE 7.1(F) CERTIFICATE OF WORD LIMIT

Pursuant to Rule 7.1, I hereby certify that this memorandum contains 505 words excluding the case style, signature block, and any certificate of service.

## RULE 7.1(C) CERTIFICATE OF CONFERRAL

Pursuant to the Local Rules, counsel for L'Oréal USA conferred with Plaintiff's counsel regarding the requested relief, and was advised that the Plaintiff does not oppose the relief sought.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 30th day of August 2024.

        */s/ April Boyer*
        April Boyer