# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

JAY P. KESAN,

    *Plaintiff,*

v.                                     CASE NO. 3:24-cv-00364-TKW-HTC

L'ORÉAL USA, INC.,

    *Defendant.*

_____/

## INITIAL SCHEDULING ORDER

Rule 1 of the Federal Rules of Civil Procedure seeks a "just, speedy, and inexpensive determination of every action." To accomplish that purpose, and in accordance with Rule 16(b), it is

**ORDERED** that:

**(1)  DISCOVERY PERIOD**:

(a)  The parties may begin discovery immediately, irrespective of whether a motion to dismiss is filed. Any request to toll the deadlines in this Order pending disposition of the motion to dismiss shall be made by separate motion.

(b)  The deadline for completing discovery is **January 3, 2025**. The conduct of any discovery which would require a later due date shall be permitted only on order of the Court.

1

(c) Extensions of the discovery deadline will ordinarily be granted only for good cause and upon showing of diligence during the initial discovery period. The filing of a motion to extend the discovery deadline does <u>not</u> operate to toll the discovery period or extend the discovery deadline.

(d) The parties shall make discovery requests no later than 75 days before the end of the discovery period. Unless otherwise ordered by the Court, motions to compel discovery are due no later than 30 days before the close of discovery. The Court will ordinarily not entertain a motion to compel filed during the last 30 days of the discovery period unless the movant shows reasonable diligence during the discovery period and the discovery dispute arose during the last 30 days of discovery.

**(2) DISCLOSURE STATEMENTS.**

(a) Within **14 days** from the date of this Order or by the deadline established in Rule 7.1, whichever is sooner:

(i) each nongovernmental corporate party must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation; and

(ii) each party in an action based on the Court's diversity jurisdiction under 28 U.S.C. §1332(a) must file a statement that

names—and identifies the citizenship of—every individual or entity whose citizenship is attributable to that party.

(b) A supplemental statement must be promptly filed if any of the required information changes.

**(3) RULE 26 REQUIREMENTS.**

(a) RULE 26(F) CONFERENCE AND REPORT. Counsel of record and any unrepresented parties shall confer (personally, by phone, or electronically) within **30 days** from the date of this Order, as required by Rule 26(f) and file a joint report of the conference within **14 days** thereafter. The plaintiff shall initiate arrangements for the conference and filing of the report, but the Court shall hold all parties equally responsible for ensuring that the conference is held and the report filed as required. If the parties are unable to agree, each party's position shall be set out in the filed joint report. In addition to the matters set out in Rule 26(f), the following shall also be discussed at the conference and specifically addressed in the joint report:

(i) The matter of magistrate judge jurisdiction over the case. In accordance with Rule 73.1(A) of the Local Rules, the parties are directed to confer regarding their willingness to consent to magistrate judge jurisdiction, and the joint report should reflect this discussion. However, the joint report should state <u>only</u> that the parties

have conferred regarding this issue. The parties may withhold consent if they so choose. Under no circumstances should the parties indicate their respective positions on the matter of consent in the joint report. If *all* parties, after conferring with one another, elect to consent to magistrate judge jurisdiction, the attached form of consent should be signed by *all* parties and filed in the Clerk's office. It shall be plaintiff's responsibility to forward the form to defendant(s), who, in turn, shall have the responsibility of filing the document. The form should be filed *only* if *all* parties have consented and signed the form. If *any* party elects not to consent, the form should not be returned.

(ii) The nature and basis of all claims and defenses, and a good faith attempt to identify the principal factual and legal issues in dispute.

(iii) The possibility for prompt settlement or resolution of the case, and whether mediation (or any other alternative dispute resolution process) might be helpful in settlement, either now or after certain limited discovery has taken place.

(iv) Proposed timetables and cutoff dates for the joinder of other parties, amendments to the pleadings, and the filing of motions and responses, and whether this initial scheduling order should be revised or amended in any way.

(v) The parties' respective discovery requirements in this case, and if the parties deem this initial scheduling order to be inadequate, they shall develop an alternate proposal which specifically addresses the timing and form of discovery, whether discovery should be conducted in phases or limited in any respect, and what, if any, changes should be made in the discovery procedures and time deadlines set out in this initial scheduling order, or in the applicable rules.

(vi) Whether any party will likely request or produce information from electronic or computer-based media:

1. whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business. Absent a showing of good cause, the Court will not require the production of back-up or historic legacy data, nor will it require the production of data that is not reasonably available in the ordinary course of business in reasonably usable form;

2. if data beyond what is reasonably available to the parties in the ordinary course of business is to be sought, the anticipated scope, cost and time required for its disclosure or production, and who will bear the cost;

3. the format and media agreed to by the parties for the production of any electronic or computer-based data, as well as agreed procedures for such production;

4. whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

5. procedures to deal with inadvertent production of privileged information; and

6. other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

(vii) A good faith estimate as to when the parties believe the case will be ready for trial (month and year), how many days will be needed for trial, and whether it will be a jury or bench trial. The Court typically does not set the trial date until after ruling on motions for summary judgment or other potentially dispositive motions, but this information is still helpful to the Court for planning purposes.

(viii) Any other matters which the parties deem appropriate with regard to specific aspects or the uniqueness of this case, and including any applicable subject within Rule 16(c).

(ix) Whether this case should be made subject to the Manual for Complex Litigation.

(b) INITIAL DISCLOSURES. The initial disclosures required by Rule 26(a)(1) shall be provided, without awaiting a discovery request,

to all other parties within **14 days** from the date of the parties' Rule 26(f) conference, unless the parties agree to a different time

  (c) EXPERT DISCLOSURES. Rule 26(a)(2) disclosures of expert witnesses and their opinions shall be made by the plaintiff within **60 days** from the date of this Order, and by the defendant or defendants within **30 days** thereafter. Third parties or parties added or joined later shall disclose their experts under Rule 26(a)(2) within 60 days after appearance in this case, or within 30 days after the disclosure by the opposing party, whichever is the longer period. Rebuttal expert reports are due within the time set by Rule 26(a)(2)(d)(ii). Expert witnesses not timely disclosed as required by Rule 26(a)(2), or whose opinions have been significantly modified or changed after discovery has ended, will normally not be permitted to testify at trial.

  (d) PRETRIAL DISCLOSURES. The Court will enter an order after the completion of discovery or after ruling on any motions for summary judgment which will establish deadlines for the disclousres under Rule 26(a)(3) and other pre-trial disclosure and trial preparation requirements.

  (e) SUPPLEMENTAL DISCLOSURES. Supplemental disclosures under Rule 26(e) shall be made as soon as practicable after learing of the need to supplement so as not to prejudice the opposing party or delay the case.

**(4) FINAL SCHEDULING ORDER.** Upon consideration of the parties' joint report, the Court will either set the case for a Rule 16 scheduling conference or enter a final scheduling order that modifies or confirms the requirements of this Order. If the Court takes no action within 14 days from the filing of the joint report, the deadlines proposed by the parties in the joint report shall be deemed to have been adopted and the parties shall request a scheduling conference to resolve any conflicting deadlines.

**(5) OTHER DEADLINES.**

(a) Motions to join additional parties or amend the pleadings shall be filed no later **30 days** after the parties' Rule 26(f) conference.

(b) Motions for summary judgment and *Daubert* motions shall be filed no later than **21 days** after the close of discovery.

**(6) ATTORNEYS' DISCOVERY OBLIGATIONS.** If an attorney cannot respond to a discovery request within the time allowed by the Rules of Civil Procedure, this fact should be communicated by the most expeditious means to opposing counsel; and if consent to an extension of time cannot be obtained, a motion requesting an extension should be immediately filed. In the meantime, no motion to compel a response shall be filed. The parties may (and are encouraged to)

stipulate to reasonalbe requests for extensions of time, subject to the provisions of Local Rule 6.1.

**(7) RESOLUTION OF DISCOVERY DISPUTES.**

(a) The Court typically refers discovery disputes to the assigned magistrate judge for disposition.

(b) Counsel should attempt to resolve discovery controversies without the Court's intervention. The Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, counsel are unable to reach an accord. Any motion filed shall include certification that such attempts have been made, in accordance with Rule 37 and Local Rule 7.1(B) and (C), and and shall be in the form required by Local Rule 26.2(g)(3).

(c) Pursuant to Rule 37, the Court will ordinarily award counsel fees for time spent in filing (and arguing) a motion to compel if such a motion is necessary to make the recalcitrant party respond, or for time spent in opposing (and arguing) such a motion that is found to be unnecessary or without basis. Certification of all discovery requests, responses, and objections is required under Rule 26(g), and violations thereof will be subject to sanctions.

**(8) SUMMARY JUDGMENT.**

(a) In addition to complying with the requirements of Local Rule 56.1, the parties shall:

(i) File a separate notice listing the exhibits filed in support of or in opposition to summary judgment. The exhibits shall be included as attachments to the notice on CM/ECF. Exhibits that cannot be filed on CM/ECF must be submitted to the Clerk along with a hard-copy notice of filing.

(ii) Provide pin-cites for all factual assertions in the motion or memoranda, using the CM/ECF document and page numbers.

(iii) If technologically feasible, highlight the portion of the exhibit it wishes this Court to consider, and file deposition transcripts in a form where the text of the testimony is searchable with the control-F function.

(b) The parties shall not file condensed (e.g., 4 page to 1 page) deposition transcripts.

(c) Exhibits shall be referred to in the summary judgment filings by the CM/ECF attachment number, not exhibit numbers that may have been used in discovery.

**(9) FILING OF RULE 26 DISCLOSURES AND DISCOVERY MATERIALS.**

(a) In accordance with Rule 5(d), the parties shall serve but **shall not file with the Clerk** copies of discovery materials (including notices of deposition, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admissions requests, or responses to admissions requests), unless and until needed for consideration of pending motions by the Court.

(b) The parties need not serve and **shall not file with the Clerk** separate notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admissions requests or responses.

(c) The parties shall file the Rule 26(a)(1) and (a)(2) disclosures (<u>without</u> any attachments), and any supplements to those disclosures, no later than 7 days from the date the disclosure is served on the opposing party. Any supplemental disclosure must reflect the changes in **bold** or by ==highlight==.

**(10) ELECTRONIC FILING.** Each party represented by an attorney is **required** to file documents electronically, not in paper form, with limited exceptions. Compliance with this requirement is

mandatory. Paper filings are a burden on the Clerk of the Court, delay the transmission of the documents to the judge, and waste the judge's time. Whenever a party files an amended paper, *e.g.*, an amended motion to dismiss, the amended paper must clearly state at the outset the nature of the amendment and the reason for it.

**(11)** **AMENDMENTS.** This order may be amended by the Court on its own motion or upon motion of any party.

**DONE and ORDERED** this 3rd day of September, 2024.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

*FLN Form 85 (rev. 8/98) Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**JAY P. KESAN,**

    *Plaintiff,*

**v.**                                                                      **CASE NO. 3:24-cv-00364-TKW-HTC**

**L'ORÉAL USA, INC.,**

    *Defendant.*

_____/

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

    In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

    You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

    An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

    In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |

### ORDER OF REFERENCE

    IT IS ORDERED that this case be referred to _____, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c), Fed.R.Civ.P. 73, and the foregoing consent of the parties.

                _____                _____
                            Date                                        United States District Judge

NOTE:   RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

*FLN Form 85 (rev. 8/98) Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge*

# NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF
# CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

Under 28 U.S.C. § 636(c)(1), full-time magistrate judges are authorized to exercise civil jurisdiction, including trial of the case and entry of final judgment, upon consent of the parties. Due to the district courts' heavy trial schedules, such consent to magistrate jurisdiction often results in more expeditious resolution of cases. The parties are, of course, entirely free to withhold such consent without any adverse consequences.

In all civil cases, other than prisoner litigation and social security appeals, the parties shall be required pursuant to the Initial Scheduling Order to confer regarding the matter of magistrate judge jurisdiction. However, the Joint Report should state only that the parties have conferred regarding this issue. **Under no circumstances should the parties indicate their respective positions on the matter of consent in the Joint Report.**

Should all parties, after conferring with one another, elect to consent to magistrate judge jurisdiction, the attached form of consent should be signed by all parties and returned to the court. It shall be plaintiff's responsibility to forward the form to defendant(s), who, in turn, shall have the responsibility of filing the document with the court through the clerk's office. The form should be returned to the court only if all parties have consented and signed the form. **Should any party elect not to consent, the form should not be returned.**

In prisoner litigation and social security appeals, and any other case in which an Initial Scheduling Order is not entered, the clerk shall, after the first responsive pleading is filed, send a consent form to the plaintiff. If the plaintiff elects to consent, plaintiff shall sign the form and promptly send it to defendant(s). If defendant(s) also consents and signs the form, defendant(s) shall promptly return the form to the court. **Should any party elect not to consent, the form should not be returned.**

A party's decision to consent, or not to consent, to the disposition of the case before a United States Magistrate Judge is entirely voluntary, and no judge of this court will be informed of a party's decision to withhold consent. By returning the consent form only in cases where all parties consent, the court will not be aware of which party withheld consent. Where the consent form is not returned to the court during the early stages of the case, either the district court judge or magistrate judge may again advise the parties of the availability of the magistrate judge, but in doing so, shall also advise the parties that they are free to withhold consent without adverse consequences.

Please note that in the event of consent, the parties may appeal a final judgment from the magistrate directly to the court of appeals in the same manner as an appeal from any other judgment of the district court.