IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| **JAY P. KESAN,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**L'ORÉAL USA, INC.: L'ORÉAL S.A.,**<br><br>    **Defendants.** | **CASE NO. 3:24-cv-00364-TKW-HTC** |

**PLAINTIFF JAY P. KESAN AND DEFENDANT L'ORÉAL USA, INC.'s
JOINT MOTION FOR EXTENSION OF TIME FOR
DEFENDANT TO RESPOND TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 6 and Local Rule 6.1, Defendant L'Oréal USA, Inc. ("L'Oréal USA")[1], by and through its counsel, together with counsel for Plaintiff Jay P. Kesan ("Kesan") respectfully request (1) a brief fourteen (14)-day extension of time within which L'Oréal USA is to answer or otherwise respond to Plaintiff Kesan's Complaint (Doc. 1) (the "Complaint") and (2) a brief extension of discovery deadlines contained in the Initial Scheduling Order. As grounds for this Joint Motion, the parties state the following:

**ARGUMENT**

1. Plaintiff filed the two-count Complaint in the Pensacola Division of the United States District Court for the Northern District of Florida on August 6, 2024. See (Doc. 1).

---

[1] The case style of the Complaint mistakenly lists "L'Oréal USA, Inc.:L'Oréal S.A." as a single entity and defendant. There is no entity by the name of "L'Oréal USA, Inc.:L'Oréal S.A." Rather, L'Oréal USA, Inc. and L'Oréal S.A. are two separate and distinct entities. This motion is brought solely on behalf of Defendant L'Oréal USA, Inc.

L'Oréal USA was served with the Complaint on August 14, 2024. See Return of Service (Doc. 5).[2]

2. Pursuant to Federal Rule of Civil Procedure 12, L'Oréal USA's response to the Complaint was due September 4, 2024.

3. On August 30, 2024, L'Oréal USA previously moved this Court for an unopposed extension of time to respond to the Complaint, up and including October 4, 2024.

4. On September 3, 2024, this Court granted that Motion.

5. L'Oréal USA's response to the Complaint is currently due October 4, 2024.

6. Undersigned counsel for L'Oreal USA has recently been retained to represent L'Oreal USA and has just filed a motion to be admitted *pro hac vice* in this case. As a result, we respectfully request a brief additional extension of time to respond to the Complaint, up to and including **October 18, 2024**, so new counsel can review the file, and investigate Plaintiff's claims so it can prepare its defenses to the Complaint.

7. On September 3, 2024, this Court also issued an Initial Scheduling Order, detailing all upcoming discovery deadlines.

8. Undersigned counsel for L'Oreal USA and Plaintiff respectfully request the deadlines contained in the Initial Scheduling Order be extended as follows:

   a. For the Rule 26(F) Conference, Counsel of record and any unrepresented parties shall confer (personally, by phone or electronically) within seven (7) days of Defendant's proposed deadline to respond to the Complaint, October 18, 2024;

   b. For the subsequent Rule 26(F) Joint Report, Counsel of record and any

---

[2] In contrast, L'Oréal S.A. is a foreign company located in France. Plaintiff has not effectuated proper service on L'Oréal S.A. To date, only L'Oréal USA has been served.

    unrepresented parties shall file a joint report of the conference within 14 days thereafter;

  c. For the Initial Disclosures required by Rule 26 (a)(1) without awaiting a discovery request, to all other parties within 14 days from the date of the parties' Rule 26 (f) conference, unless the parties agree to a different time; and

  d. For all other deadlines dependent on the date of the Rule 26(F) conference specified in the Initial Scheduling Order be extended according.

9. The parties request this extension of time for discovery in good faith and have set forth good cause. This request is made before the current prescribed deadline expires.

10. Federal Rule of Civil Procedure 6(b)(1)(a) provides, in pertinent part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…" *See* Fed. R. Civ. P. 6(b)(1)(A); *see also Osahar v. United States Postal Serv.,* No. 04-16036, 2005 WL 1400209 at *2 (11th Cir. June 13, 2005). Similarly, Local Rule 6.1 provides that stipulations to extend deadlines are effective with Court approval.

11. The Court "has broad discretion to permit an extension of time." *Gibson v. Vincent*, 3:06CV388 RVEMT, 2007 WL 1576344, at *2 (N.D. Fla. May 30, 2007).

12. This Motion is made in good faith and not for the purposes of delay or harassment. No parties would be prejudiced by the requested relief. The requested extension will not prevent further discovery.

13. Undersigned counsels of the parties have conferred with one another and jointly make this motion and do not oppose the relief sought herein.

**WHEREFORE,** the parties respectfully request that this Court enter an Order: (1) granting its Joint Motion for an Extension of Time for Defendant to Respond to the Complaint; (2) and extending the deadline to respond to the Complaint such that any response would be due on or before October 18, 2024; (3) granting its Joint Motion extending the Parties' time to complete the requirements under the Initial Scheduling Order; and (4) for any and all other additional relief this Court may deem just and proper.

Dated: September 30, 2024                                          Respectfully submitted,

*/s/* Scott A. Klein                                                              */s/* James J. Birch
By:  Scott A. Klein, Esq. *(Pro Hac Vice pending)*    By:   James J. Birch (0092767)
Mintz & Gold LLP                                                         Rolfes Henry, LPA
600 Third Avenue, 25th Floor                                      5577 Broadcast Court
New York, New York 10016                                         Sarasota, Florida 34240
(212) 696-4848                                                                (513) 579-0080
klein@mintzandgold.com                                             jbirch@rolfeshenry.com
*Attorneys for Defendant L'Oréal USA, Inc.*              *Attorneys for Plaintiff Jay P. Kesan*

## RULE 7.1(F) CERTIFICATE OF WORD LIMIT

Pursuant to Rule 7.1, I hereby certify that this memorandum contains 929 words excluding the case style, signature block, and any certificate of service.

## RULE 7.1(C) CERTIFICATE OF CONFERRAL

Pursuant to the Local Rules, counsel for L'Oréal USA conferred with Plaintiff's counsel regarding the requested relief, and jointly submits this Motion with Plaintiff who joins with the relief sought.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 30th day of September 2024.

*/s/* James J. Birch
James J. Birch